
ORIGINAL

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle |
|---|---|

| Name Anthony Mayo | Prisoner No. CB 0016 | Case No. 00-CR-00336-2 |
|---|---|---|

Place of Confinement: State Correctional Institution of Retreat  J. Rambo
1600 State Route 11
Hunlock Creek Pa. 18621-3136

Name of Petitioner (include name under which convicted): Anthony Mayo

Name of Respondent (authorized person having custody of petitioner): v. United States of America

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Middle District of PA. Federal Building 228 Walnut St. Harrisburg, Pa. 17108

2. Date of judgment of conviction: Oct. 4, 2001

3. Length of sentence: 276 mo.

4. Nature of offense involved (all counts): Possession of firearm, conspiracy to commit that offense, carrying or using firearms during and in relation to drug trafficking crimes, conspiracy to commit that offense

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Guilty plea to one count possession of firearm

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

FILED
HARRISBURG, PA
APR 20 2005
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  United States Court of Appeals for the THIRD Circuit

   (b) Result  Affirmed

   (c) Date of result and citation, if known  February 14, 2003

   (d) Grounds raised  Criminal History Category, Upward Departure, P.S.I. report, Enhancement

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court  United States Supreme Court

   (2) Result  Returned (3) times

   (3) Date of result and citation, if known  Feb 18, 04   Mar 29, 04   April 04   returned all (3) times

   (4) Grounds raised  Insufficient ass. of counsel, Plea agreement Notwith-standing   Viol. of 4th and 5th amend.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:  District Court

    (a) (1) Name of court  Middle District of Pa.   Harrisburg, Pa. 17108

    (2) Nature of proceeding  for Counsel to file 2255

    (3) Grounds raised  Petitioners lack of Knowledge of law, State law lib. not equipped wit up to date federal law

(3)

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☒

    (5) Result __Denied__

    (6) Date of result __Nov 30 2004__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court ____

    (2) Nature of proceeding ____

    (3) Grounds raised ____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☒

    (5) Result ____

    (6) Date of result ____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒ No ☐
    (2) Second petition, etc.    Yes ☒ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not.

____

12. State *concisely every* ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding the consequences of the plea

Supporting FACTS (state *briefly* without citing cases or law): When I plead to 1 count of poss. of firearms I didn't know Judge would enhance sentence or use Juvinile record. I thought poss. of firearm ment poss. of firearm (not in a crime) just poss.

B. Ground two: Denial of effective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law): Counsel did not return calls for 7 mo after signing plea. I had questions about PSR, about plea agreement. I did not see counsel again untill day of sentence.

(5)

AO 241 (Rev. 5/85)

C. Ground three: <u>Sentence illegal, and unconstitutional violation</u> <u>Petitioners constitutional rights</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>Judge used Juvinile</u> <u>record and Adult record to get a greater criminal point</u> <u>score and enhanced sentence without jury trial</u>

D. Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal (state *briefly* what grounds were not so presented, and give your reasons for not presenting them: <u>Denial of effective</u> <u>assistance of counsel) I asked Mr. Dohrmann to file this on</u> <u>Mr. Pyfer He stated I should file it another time.</u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing <u>John F. Pyfer Jr.</u>
<u>128 North Lime St. Lancaster Pa. 17608-1597</u>
(b) At arraignment and plea <u>John F. Pyfer Jr.</u>
<u>128 North Lime St. Lancaster Pa. 17608-1597</u>

(6)

AO 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing  John F. Pyfer Jr.
128 North Lime St. Lancaster Pa. 17608-1597

(e) On appeal  Jeffrey C Dohrmann
161 West Thied st. Williamsport Pa. 17703-0215

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☐
    (a) If so, give name and location of court which imposed sentence to be served in the future: No
    I'm serving Parole violation 60 mo.
    (b) Give date and length of the above sentence: 60 mo. Oct. 2006 see Parole board
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☑   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4/17/05
(date)

_____
Signature of Petitioner

(7)

## THE COURT ERRED SENTENCING THE PETITIONER TO A GREATER TERM OF INCARCERATION ON THE ENHANCEMENT OF THE PETITIONER'S PAST CRIMINAL RECORD ( S ) , JUVENILE RECORD AND MANDATORY SENTENCING VIOLATING THE PETITIONER'S UNITED STATES CONSTITUTIONAL RIGHTS

The Petitioner was convicted of one ( 1 ) count Possession of a Firearm by Convicted Felon ; **18 U.S.C. 922 , ( g ) , ( 1 )**. Petitioner was sentenced by this Court to a term of two hundred seventy - six ( 276 ) months ; incarceration . Petitioner is argueing that the sentence is an illegal sentence and unconstitutional . Petitioner avers , that the legality of sentence is never wavied . The Court is also aware that the Petitioner , maybe over the one ( 1 ) year statue of limitations after sentence has been imposed . See : **Federal Rules of Criminal Procedure Rule 35 ( b ) , ( 1 ) , ( B ) ; ( 2 ) , ( A ) and ( B )**. The Court may entertain the Petitioner's legality of sentence under the provisions of the statues in **Rule 35 supra**. The United States Supreme Court has found that the United States Courts have used an enhancement of sentencing defendants under past criminal record( s ) , juvenile record( s ) and prior bad acts as an unconstitutional violation of rights . See : **Shepard V. United States , 2005 U.S. Lexis 2205 ( March 7th , 2005 )**. Shepard entered a guilty plea to burglary in violation of the laws of the Commonwealth of Massachusetts. Subsequently , he plead guilty to a violation of **18 U.S.C. 922 ( g ) , ( 1 ) ( felon in possession of a firearm )**. At sentencing the issue was whether the district court judge could use police reports , or other complaint documents to determine whether the guilty plea to burglary supported a conviction for generic burglary of a structure . The district court held that it could not use the police reports and other documents . The First Circuit disagreed with the district Court . The United States Supreme Court reversed , holding that , in the case of a guilty plea , the determination of the character of the burglary had to be based on the **statutory definition** , the charging document , the written plea agreement , the transcript of the plea colloquy , or admissions of the defendant . Four Justices ruled that " **any fact other than prior conviction used to increase the sentence must be found by a jury or admitted by the defendant** " thus further eroding

<u>Almendarez-Torres V. United States</u>, 523 U.S. 224, 140 L.Ed. 2d. 350, 118 S.Ct. 1219 ( 1998 ). This Court on the record had sentenced the Petitioner to an increased sentence using the Petitioner's prior convictions and juvinile records and if this Court reviewed the record at sentencing it would notice that these documents were brought up at the sentencing and that this Court erred in the determination of the sentence of two hundred seventy - six ( 276 ) months on the basis of the Petitioner's prior records. In the case of <u>Blakely V. Washington, 542 U.S.    , 124 S.Ct. 159 L.Ed. 2d. 403 ( 2004 )</u>. held the sixth ( 6th ) Amendment of the United States Constitution prohibits imposition of a sentence above the legally prescribed maxiuim based on a fact or facts neither admitted by the defendant nor found by a jury beyond a reasonable doubt. The legally prescribed maximum means the " **maximum sentence the judge may impose soley on the basis of facts reflected in the jury's verdict or admitted by the defendant**" Blakely, 124 S.Ct. at 2537. Also see : <u>United States V. Booker, 543 U.S.    , 125 S.Ct. 738, 160 L.Ed. 2d. 621 ( 2005 )</u>. held that Blakely supra, applies to the <u>Federal Sentencing guidelines and</u> further held that the federal sentencing guidelines would be viewed as **advisory** and not **mandatory**, and that appellate review of federal sentences would be for reasonableness. Petitioner is under a illegal sentence that was imposed by this Court, which has been governed by the United States Supreme Court and by the United States Constitution. This Court had sentenced the Petitioner to a maximum term of two hundred seventy - six ( 276 ) months due to Petitioner's prior criminal history, even as a juvinile to enhance the sentence. See : **Sentencing Transcripts.** The Court is **WARRANTED** to review the sentencing transcripts and to **VACATE** the Petitioner's sentence and to **RESENTENCE** Petitioner under the provisions of the federal guidelines as stated in the statue federal guidelines in accordance with the charge of possession of a firearm by a convicted felon, 18 U.S.C. 922, ( g ) ( 1 ) without the enhacement and the use of the Petitioner's prior records.

**Name** Anthony Mayo
**Number** CB-0006
680 State Route 11
Hunlock Creek, PA 18621
INMATE MAIL PA
DEPT. OF CORRECTIONS

Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Court House
228 Walnut Street
P.O. Box 983
Harrisburg, Pa. 17108