**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:CR-00-336-02 |
| | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | |
| ANTHONY MAYO | : | **(Electronically Filed)** |

### RESPONSE TO PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## I.  Procedural History

1.  On December 13, 2000, the Grand Jury returned a five-count indictment charging Defendant Anthony Mayo ("defendant") with possession of firearms by a convicted felon, in violation of 18 U.S.C. §922 (g)(1) (Count 1); conspiracy to commit that offense, in violation of 18 U.S.C. §371 (Count II); two counts of possessing firearms in furtherance of drug trafficking, in violation of 18 U.S.C. §924 (c)( )(1)(A) (Counts III and IV); and conspiracy to commit that offense, in violation of 18 U.S.C. §924 (o).

2.  On April 3, 2001, the defendant pleaded guilty to Count 1 of the indictment.

3.  On October 4, 2001, following a sentencing hearing, the Court sentenced the defendant to a term of imprisonment of 276 months to run consecutively with the state parole revocation the defendant was then serving, a fine of $2,000, and a special assessment of $100.  Counts II through IV were dismissed upon motion of the government.

4.  On October 15, 2001, the defendant filed a timely Notice

of Appeal with the Third Circuit Court of Appeals.

5.   On February 14, 2003, the Third Circuit filed an opinion affirming the defendant's  conviction and judgment of sentence.

6.   On October 18, 2004, the defendant filed a motion with the Court seeking appointment of counsel apparently because he wished to file a Section 2255 petition.

7.   On October 25, 2004, the Court filed an order denying the defendant's petition because any Section 2255 petition the defendant wished to file would be untimely.

8.   On November 23, 2004, the defendant filed a second motion for appointment of counsel.

9.   On November 30, 2004, the Court filed an order denying the motion for the same reasons stated in its order of October 25, 2004.

10.   On April 20, 2005, the defendant filed a form document entitled "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."[1]

11.   The Court issued a Notice of Election form to the defendant pursuant to the requirements of *United States v. Miller,*

---

[1]   The defendant filed the form document used by prisoners challenging, in federal court, their custody pursuant to a judgment of a state court.  *See* 28 U.S.C. § 2254.  The government believes the defendant mistakenly used the form to challenge a state sentence because he is currently serving a state parole violation and thus is in state custody.  However, since he is challenging his federal sentence,  the defendant should have filed a petition under 28 U.S.C. § 2255 the provision which applies when a prisoner challenges a federal court judgment.

197 F.3d 644 (3rd Cir. 1999).

12. On May 17, 2005, a Notice of Election was filed in which the defendant stated that he elected to have the Court rule on his petition as filed.

13. On May 17, 2005, the Court entered an order directing the government to respond to the defendant's petition within 20 days.

14. In his petition, the defendant raises three grounds for relief:

1) His conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the consequences of the plea. In support of this claim he alleges that when he pled guilty he did not know the Court would enhance his sentence or use his juvenile record and he "thought poss[ession] of a firearm me[a]nt poss[ession] of a firearm (not in a crime)." Defendant's Petition, 5.

2) He was denied effective assistance of counsel. In support of this claim he alleges that although he had questions about the pre-sentence investigation and plea agreement, trial counsel did not respond to his inquiries. Defendant's Petition, 5.

3) His sentence was illegal and a violation of his constitutional rights. In support of this claim, he alleges that the Court used his juvenile and adult record to enhance his sentence without a jury trial. Defendant's Petition, 5.

## II.  Argument

### A.  The defendant's Section 2255 petition is untimely and should be dismissed without a hearing.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires that unless certain exceptions apply, a prisoner seeking relief from a sentence imposed by a federal court must file his §2255 petition within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.

In *Kapral v. United States,* 166 F.3d 565, 569  (3rd Cir. 1999), the Third Circuit explained that for purposes of the one-year limitations period imposed by AEDPA, the conviction of a defendant who has not filed a petition for writ of certiorari with the Supreme Court becomes final when the 90-day period for filing such a petition has expired.

In the present case, the Third Circuit entered its judgment affirming the defendant's conviction and judgment of sentence on February 14, 2003.[2]  *See United States v. Mayo,* 59 Fed. Appx. 457 (3rd Cir. 2003)(unpublished opinion).   The defendant had 90 days

---

[2] The Court's order of October 25, 2004, states that the Third Circuit's order affirming the defendant's conviction was dated March 12, 2003, and filed March 17, 2003.  Undersigned counsel could not locate those dates on any Third Circuit documents connected to this case.  Rather, the Third Circuit's opinion states it was filed on February 14, 2003, and the Third Circuit docket indicates the same.  Accordingly, the date of February 14, 2003, is used herein.  Whether the March, 2003, dates or the February, 2003, date is accurate is academic; the Section 2255 motion is untimely in either event.

4

from that date to file a petition for writ of certiorari with the Supreme Court. *See* Supreme Court Rule 13. No petition for writ of certiorari was filed.[3] The 90-day period for filing the petition expired on May 13, 2003. Thus, pursuant to the Section 2255 requirement that a petition must be filed within one year of the date the conviction became final, the defendant was required to file his petition on or before May 13, 2004.

Certain exceptions to the one-year period of limitations are set forth in Section 2255. These exceptions provide that the limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] In his motion, the defendant appears to claim that he sent documentation to the Supreme Court on February 18, March 29, and April 14, 2004, and that documentation was returned. Defendant's Petition, 3. Undersigned counsel did a Westlaw search in the Supreme Court database and searched the history of *United States v. Mayo,* 59 Fed. Appx. 457 (3rd Cir. 2003). Neither check revealed that the defendant ever filed anything with the Supreme Court. If the defendant did attempt to file an appeal on the dates claimed, such appeals would be untimely. *See* Rule 13 Supreme Court Rules. Accordingly, there is no evidence that the defendant filed an appeal with the Supreme Court.

    (4) the date on which the facts supporting the
claim or claims presented could have been
discovered through the exercise of due
diligence.

28 U.S.C. § 2255 (1)(2)(3)(4).

    The defendant has not alleged any exceptions to the one-year period of limitations.[4]  Accordingly, his Section 2255 petition is untimely and no exception to the time limitation for filing has been established.

---

    [4] The defendant cites *Blakely v. Washington,* 124 S.Ct. 2531 (2004), and *United States v. Booker,* 125 S.Ct. 738 (2005), as the basis for his claim that his sentence was illegal and unconstitutional. Defendant's Motion, 6.  However, the defendant did not present an argument based on the principles in these cases either at the time of sentencing or on direct review.  In *Booker,* which clarified the principles set forth in *Blakely,* the Supreme Court specifically ruled that *Booker* applies only to those cases still pending on direct review.  *Id.* at 769.  The Third Circuit has explained that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *In Re Olopade,* 403 F.3d 159, 162 (3rd Cir. 2005).  In that case, the Third Circuit held that *Booker* did not apply retroactively to excuse Section 2255's ban on successive petitions.  Thus, if the defendant is claiming that his sentence was unconstitutional under *Booker* and an exception to the one-year limitation on filing should apply, such a claim has no merit because *Booker* is not retroactive.

## III.  Conclusion

    For all these reasons, the defendant's Section 2255 petition should be denied without a hearing.

                           Respectfully submitted,

                           THOMAS A. MARINO
                           United States Attorney

                           /s/Christy H. Fawcett
                           CHRISTY H. FAWCETT
                           Assistant U.S. Attorney
                           PA Bar # 35067
                           Christy.Fawcett@usdoj.gov

                           228 Walnut Street, Suite 220
                           P.O. Box 11754
                           Harrisburg, PA 17108
                           Phone: (717) 221-4482
                           Fax: (717) 221-4493

Dated: June 3, 2005

7

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:CR-00-336-02 |
| | : | |
| | : | Judge Rambo |
| v. | : | |
| | : | |
| ANTHONY MAYO | : | (Electronically Filed) |

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 3rd day of June, 2005, she served a copy of the attached

**RESPONSE TO PETITION UNDER 28 U.S.C. § 2254 FOR
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

by electronic means and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Anthony Mayo
CB0016
680 State Route 11
Hunlock Creek, PA   18621-3136

/s/Phyllis M. Mitchell
PHYLLIS M. MITCHELL
Supervisory Legal Assistant