**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

United States of America              No.# 1 : CR - 00 - 336 - 02

v.

Anthony Mayo ,                        U.S. Judge S. Rambo .
    ( Defendant ) .

FILED
HARRISBURG, PA
JUN 21 2005
MARY E. D'ANDREA, CLERK
Per _____ /s/ _____
        Deputy Clerk

**DEFENDANT'S REPLY TO GOVERMENTS RESPONSE TO**
**PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C.**
**2254 ( SIC ) BY A PERSON IN STATE CUSTODY**

**NOW COMES** , the Defendant Anthony Mayo who deposes that he is the Defendant and represents himself pro-se ( Herein out Defendant ) .

1). Defendant was sentenced on April 3rd , 2001 ; after to pleading guilty to the charge of Possession of Firearms by a convicted felon . On October 4th , 2001 ; Defendant was sentenced to a term of incarceration of two hundred , seventy - six ( 276 ) months to run consecative to the state parole revocation , which Defendant is currently serving in a State Pennsylvania Correctional Institution .

2). The Goverments response to the Defendant's writ of habeas corpus was titled wrong , indicating that the Defendant has afiling in state custody and has titled the response as <u>28 U.S.C. 2254</u> , which this Court had in its **ORDER** subjected the Defendant's writ of habeas corpus as a <u>2255</u> , which this instatant appeal is an appeal by a Federal Defendant . The Defendant is at an disadvantage of obtaining federal forms from a state correctional institution's law library . The federal forms under <u>2255</u> are not available where the Defendant is housed , and this Defendant had written to the Clerk's Office and requested forms but never recieved an answer . Because the Defendant filed with the 28 U.S.C. 2254 forms the

Defendant should not be held resposponisable for the filing . This Court is aware that the Defendant had requested this Court , the Third ( 3 rd ) Circuit of Appeals and the United States Supreme Court for appointment of counsel but was denied because nothing was filed . In these motions for appointment of counsel ; Defendant had allowed each judicial court that Defendant was not equiped to the understanding of the appeals process or of filing documents . It is a fact that ignorance is not a fact , for a defendant or petitioner to be excused from understanding of appeals . But this Defendant made an effort to gain the forms by the Clerk's Office anfd tried to gain the appointment of counsel by the three ( 3 ) judicial courts of the United States which was denied each time . This Court should not dismiss the Defendant's Writ of Habeas Corpus because Defendant filed under a state habeas corpus , this Court should understand the position that the Defendant is in , with standing in a State Correctional Institution .

3). The Goverment in its response clearly noted that the Defendant has been time barred by the one ( 1 ) year provisions of the anti -., - terrorism and effective death penalty act ( " AEDPA ) , and that the petition is untimely filed . The claim of the Defendant's ineffective assistance of Counsel claim may be time barred , but the sentence claim of legality is never wavied . The actual claim is governed by law of the United States Constitution and the United States Supreme Court . In the Defendant's arguement in the petition Defendant does cite the **Blakely** and **Booker** case , which may not be retroactively applied but the Defendant also mentioned the **Sheppard's** case . The Goverment had not argued that case to this Court . The Goverment claims to this Court that the Blakely and Booker case is not retroactive to cases involved , but if the Defendant does appeal to the United States Supreme Court of America in Washington , D.C. than it is another case which will eventually be overturned and sent back to this Court for resentencing , within the next six ( 6 ) months or more . The Defendant will still be in the state system and may gain a reversal by the United States Supreme Court because the sentence is constitutionally illegal , just as in

**Blakely**, **Booker**, and **Sheppard**. The Trial Court possesses the inherent power to correct an unlawful sentence at any time. The issue of propriety and manner in which the sentence was imposed is one which may be raised **Sua Sponte** by the Defendant. The Goverment argues in the response, that the Defendant's Petition for Writ of Habeaas Corpus under 2255 is untimely filed under the provisions of the "AEDPA"; this act was not illustrated for the Defendant. The actual AEDPA, was formatted for death row inmates and the excessive petitions that were being filed by death row defendants' and long periods of appeals. Defendant had not argued the fact of the AEDPA, in Defendant's petition because the legality of sentence is never wavied. The AEDPA does not state that if the sentence is constitutionally bound or of law, that the issue of the sentence is wavied or is time - barred by the clause. It would be unconstitutional that the Defendant be serving an illegal sentence which the Defendanyt is protected by the United States Constitution, formatted by the forefathers of this Country, and established to protect from illegal detention and incarceration. At the time of the Defendant's sentencing, the three (3) cases were not of law by the United States Constitution, by the United States Supreme Court. The **Sheppard's** case, was an example that the U.S. Supreme Court had not stated if **Sheppard** was to be retroactive or not. But the issue here, is that the Defendant at the earliest time had filed after learning that the three (3) cases **BLAKELY**, **BOOKER** and **SHEPPARD** came into law and this Court has been aware that the Defendant has been filing " **MOTIONS FOR APPOINTMENT OF COUNSEL**" not only with this Court but the Third (3 rd) Circuit of Appeals and the United States Supreme Court. If this Court denies the Petition for Writ of Habeas Corpus, the Defendant will have no other choice but to argue the issue of the legality of sentence and the ineffectiveness of counsel for failing to file the issue as in the cases of **Blakely**, **Booker**, and **Sheppard**. On this xx Court's record the Defendant tells this Court that Defendant is not knowledgeable of the law or appeals process, but withstanding

an illegal sentence that is of law , constitutionally bound and a question of law . This Court has the power to reverse / remand for resentencing .

## CONCLUSION

The United States Supreme Court has ruled upon three ( 3 ) cases Blakely , Booker and Sheppard ; the U.S. Court of the Supreme Court of America has ruled that using the records of past history , either it be criminal or juvenile or police reports , etc. to enhance a defendant's sentence at sentencing is unconstitutional . This Court has given the Defendant in this cases an illegal sentence which enhanced the sentence due to Defendant's juvenile record and past convictions , in such the Defendant is now serving an illegal sentence ; imposed by this Court . The Court is **WARRANTED** to to **REVERSE / REMAND** for **RESENTENCING** , and / or **GRANT** the Defendant's **PETITION FOR WRIT OF HABEAS CORPUS** , that an illegal sentence is never **WAVIED** and **GRANT A CERTIFICATE OF APPEALABLITY** to the Third Circuit of Appeals on the question of law , legality of sentence is never wavied .

Date : June 15th , 2005

RESPECTFULLY SUBMITTED ,

*Anthony Mayo*

Anthony Mayo , Defendant / Pro-se .
CB-0016 , 660 State Route 11 .
S.C.I. Retreat .
Hunlock Creek , Pennsylvania .
          18621 - 3136 .

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

United States of America ,                No. # 1 : CR - 00 - 336 - 02 .

      v.                                U.S. Judge S. Rambo .

Anthony Mayo ,
    ( Defendant ) .

### CERTIFICATE OF SERVICE

I , HEREBY CERTIFY , that a true and correct copy of Defendant's **DEFENDANT'S REPLY TO GOVERMENTS RESPONSE TO PETITION FOR WRITT OF HABEAS CORPUS 28 U.S.C. 2254 ( SIC ) BY A PERSON IN STATE CUSTODY** was sent to U.S. Department of Justice , United States Attorney MIDDLE District of Pennsylvania . United States Attorney Thomas A. Marino and Christy Fawcett . Assistant U.S. Attorney . Suite 220 , Federal Building , 228 Walnut Street . Harrisburg , Pennsylvania . 17108 . On this 15th day of June 2005 ; by and through the U.S. Mailing at the State Correctional Institution of Retreat , located in Hunlock Creek , Pennsylvania . 18621 - 3136 .

RESPECTFULLY SUBMITTED ,

_____

Anthony Mayo , Defendant / Pro-se .
CB-0016 , 660 State Route 11 .
S.C.I. Retreat .
Hunlock Creek , Pennsylvania .
     18621 - 3136 .

Name Anthony Floyd
Number CB DD66
680 State Route 11
Hunlock Creek, PA 18621

INMATE MAIL PA
DEPT. OF CORRECTIONS

Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, Pa. 17108