IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CASE NO. 1:CR-00-336-02**
:
**v.**  :
:
**ANTHONY MAYO**  :

## MEMORANDUM AND ORDER

Before the court is a petition filed pursuant to 28 U.S.C. § 2255[1] on April 20, 2005. The Government has responded and seeks dismissal of the petition as untimely. Petitioner agrees that the petition is untimely but believes that *United State v. Booker*, 125 S. Ct. 738 (2005), applies to him and that his petition is timely.

Petitioner's judgment of conviction became final on May 13, 2003. The Anti-Terrorism and Effective Death Penalty Act requires that, unless certain exceptions apply, a prisoner seeking relief from a sentence imposed by a federal court must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Petitioner is clearly untimely in filing the instant petition.

As noted above, Petitioner believes that *United State v. Booker*, 125 S. Ct. 738 (2005), permits him to file this untimely appeal. As the Government notes, the case of *In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005), the Third Circuit Court

---

[1] The initial petition was filed on a 28 U.S.C. § 2254 form; however, Petitioner intended and this court has treated his filing as one filed pursuant to 28 U.S.C. § 2255.

of Appeals held that *Booker* does not apply retroactively to cases on collateral review.

        Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus is **DISMISSED**.

2) The court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                    s/Sylvia H. Rambo  
                                    SYLVIA H. RAMBO  
                                    United States District Judge

Dated: June 22, 2005.