United States of America

       v.                           1:00-CR-336-02

Anthony Mayo



       And Now comes the Petitioner Anthony Mayo

The purpose of this petition is to ask the court to review Petitioner's file and grant Petitioner a certificate of appealability.

       The United States District Court for the Middle District of Pennsylvania proclaims Petitioner's 2255 motion (see ex. F) was untimely, and therefore closed file, declined to issue a certificate of appealability, and dismissed Petition for writ of habeas corpus.

       I ask the courts to bare with petitioner. I know very little of law, but will make my plea to the best of Petitioner's ability.

The petitioner was indicted in a five count indictment that was filed on December 13th of 2000. One count Possession of Firearm, Conspiracy to commit that offense, Carrying or Using firearm during and in relation to drug trafficking crimes, Conspiracy to commit that offense.

The Petitioner signed a plea agreement to one count possession of a firearm on April 3rd, 2001. The courts used juvenile record, P.S.R., upward departure, and enhancement to give Petitioner higher criminal points and sentence Petitioner to 276 months.

During court proceeding Petitioner told judge he hadn't seen or spoken to court appointed attorney 7 months prior to sentencing, even though he was called by family members many times . A new attorney was appointed to Petitioner to file appeal. ( see ex. A)

On October 15, 2001 the Petitioner new court appointed attorney filed notice of appeal with the Third Circuit Court of Appeals. ( see ex. B)

On October 20, 2002 I wrote a letter asking court appointed attorney to file ineffective assistance of counsel along with appealing my sentence. Court appointed counsel wrote Petitioner back stating he didn't see a need to file ineffective assistance of counsel. ( see ex. C  pgs. 5&23)

On February 14, 2003 the third circuit filed an opinion affirming the Petitioner's conviction and Judgment of Sentence. ( see ex. D)

On February 20, 2003 I received another letter from court appointed counsel stating that " he didn't see any basis for seeking certiorari to the United States Supreme Court and would not be filing one. He  also said his representstion in this matter was at an end.   ( see ex. C pg. 4)

In February, March, and April of 2004, Petitioner tried to file a motion of certiorari to the United States Supreme Court (3 times). The petition kept getting sent back. till this day, Petitioner still doesn't know why. (see ex. C) & (ex. I)

On 5-27-04 Petitioner was sent to the Restricted Housing Unit for misconduct. (see ex. L)

WhenI was released from the restricted housing unit, I filed motion to the court for appointment of counsel on October 18, 2004. It was denied. On November 30, 2004 I yet again filed for appointment of counsel and was denied. (see ex. G) I then filed to the United States Court of Appeals to see if they would appoint Counsel to me. ( see ex. E pg. 12)

On April 20, 2005 Petitioner tried to file a 2255 motion (see ex. F) The court issued a notice of Election. (see ex. G)

On May 17, 2005 a notice of Election was filed by Petitioner. In June 2005 Petitioner received Response to Petition 2255 from Assistant U.S. Attorney. (see ex. H) Assistant U.S. Attorney stated that the 2255 Petition was untimely and I never filed a motion of certiorari. Petitioner sent Assistant U.S. Attorney a copy of motion of certiorari (see ex. I) and Petition was timely filed.

On June 15th 2005 Petitioner filed a Response to Assistant U.S. Attorney's Response to Petitioner's 2255. (see ex. J)

On June 25, 2005 Petitioner recieved Judgement on 2255 Petition. Petition was dimissed. The courts declined to issue a certificate of appealability to Petitioner and Petitioner's file was closed. (see ex. K)

Respectfully Submitted,

Anthony Mayo

*Anthony Mayo*

7-7-05

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

C.A. No# 1:00-CR-336-02

[Petitioner]  Anthony Mayo
[Appellant]

V.

[Respondents'] United States of America
[Appellees']

APPLICATION FOR CERTIFICATE
OF APPEALABILITY.

NOW COMES, the Petitioner/Appellant
Who deposes that he is the Appellant and represents himself pro-se (Herein out Appellant).

1]   Appellant submits the following as Appellant's application for Certificate of appealability. (Herein out "C.O.A.")

2]   THE STANDARD FOR GRANTING A C.O.A.
     A. THE STANDARD OF REVIEW
     28 U.S.C. 2253 (c)(1) reads, in pertinent part, as follows:

     Unless a Circuit Justice or Judge issues a Certificate of appealability, an appeal may not be taken to the Court of appeals from - (A) the final order in a habeas Corpus proceeding in which the detention Complained of arises out of process issued by a State Court, or (B) the final ORDER in a proceeding under section 2255.

     28 U.S.C. 2253 (c), (2) reads in pertinent part, as follows:

A Certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a Constitutional right.

Slack V. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed. 2d. 542 (2000); defines the standard as follows:

"We hold as follows: When the District Court denies a habeas corpus petition on procedural grounds, without reaching a prisoner's underlying constitutional claim, a Certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and the jurists of reason would find it debatable whether the District Court was correct in it's procedural ruling" 529 U.S. at 482, 120 S.Ct. at 603 Supra.

Miller-El V. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d. 931 (2003); defines the standards as follows:

"The Certificate of Appealability under 2253 (c) requires an overview of the claims in the habeas corpus petition and the general assessment of their merit. We took to the district Court's application of the AEDPA to petitioner's Constitutional Claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a Court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a Certificate of appealability based on its adjudication of the actual merits it is essence deciding an appeal without jurisdiction."

"To that end, our opinion in Slack held that a Certificate of appealability does not require a showing that the appeal will succeed. Accordingly, a Court of Appeals should not decline the application for Certificate of Appealability merely because it believes the applicant will not demonstrate an entitlement of relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a Judge or, for the matter, three Judges, that he or she would prevail. It is consistent with 2253 that a Certificate of appealability will issue in some instances where there is no certainty of ultimate relief. After all, when a C.O.A. is sought, the whole premise is that the prisoner "has already failed in that endeavor" barefoot supra at 893 n,4.

Miller-El. States: "The question is the debatability of the underlying Constitutional Claim not the resolution of that debate. The Certificate of Appealability inquiry asks only if the district Court's decision was debatable."

Thomas V. United States, 328 F.3d. 305, 308 (7th Cir. 2003); interprets Miller-El as follows:, Miller-EL V. Cockwell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d. 932 (2003); holds that the merits differ from the criteria for a Certificate of appealability. Many prisoners who seem likely to lose in the Court of appeals nonetheless are entitled to Certificate of appealability under that standard meritorious appeals are subject of those in which a Certificate should issue.

B]      THE STANDARD FOR EVALUATING A STATE HABEAS CORPUS PETITION.

28 U.S.C. 2254(d) reads, in pertinent part, as follows:

An application for Writ of Habeas on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim-

(1) Result in a decision that was contrary to, or involved; an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States: or

(2) Resulted in a decision that was based on an reasonable determination of the facts in light of the evidence presented in the State Court proceedings.

Williams V. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d. 389, (2000) interprets the statute as follows:

"Under the "Contrary to" clause, a Federal habeas Court may grant the Writ if the State Court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the State Court decides a case differently that the Supreme Court has on a set of materially indistinguishable facts under the "unreasonable application" clause, a Federal Habeas Corpus Court may grant the Writ in the State Court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Applying the standards articulated above, a Certificate of appealability should be granted on the following issues attached and below.

(1) Whether the State's decision is contrary to Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984)?. The State Court system did not apply Strickland which requires the PCRA Court to (a) identify the errors committed by defense Counsel (trial and appellate Counsel) and (b) determine whether there is a "reasonable probability" that the cumulative effect of the errors affected the outcome. A "reasonable probability", is a standard lower than the preponderance of the evidence standard.

(2) Whether the State's reliance on assumptions instead of facts developed through discovery and a hearing is contrary to and/or an unreasonable application of Blackledge V. Allison, 431 U.S. 63, 97 S.Ct. 1521, 52 L.Ed.2d. 136 (1977); Harris V. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89, 22 L.Ed.2d 281 (1969); and Bracy V. Gramley, ____U.S.____, 117 S.Ct. 1793, 138 L.Ed.2d. 97 (1997).

II) The attached will be subject for review by this Honorable Court of appeals due to the above. CERTIFICATE OF APPEALABILITY should be GRANTED_____

Respectfully Submitted,

Anthony Mayo

*Anthony Mayo*
7-7-05