IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:00-cr-0336** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY MAYO** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

## I.  Background

Before the court is Defendant Anthony Mayo's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. 123.) Mayo's motion is brought pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. *Id.* at 2557.

Defendant Mayo was sentenced under the ACCA which subjected him to a mandatory minimum term of incarceration of 15 years to a maximum of life because he had three prior convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e).  The Presentence Report (PSR) identified three prior convictions which qualified Mayo for the ACCA designation: (1) paragraph 74 – aggravated assault; (2) paragraph 75 – robbery; and (3) paragraph 76 – robbery.

Mayo argues that in light of *Johnson*, none of his predicate offenses qualify as violent felonies and therefore his sentence is illegal.

The Government argues that the offenses under paragraphs 74, 75 and 76 of the PSR qualify under the ACCA "force" clause.

## II. Discussion

### A. Aggravated Assault – Paragraph 74 of the PSR

State court records reflect that Mayo was charged with and convicted of violating 18 Pa. C.S. § 2702(a)(1) which provides: "A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." The Government argues that under this statute Mayo qualifies for an ACCA designation as a violent felon under the force clause. Mayo argues that (1) force is not an element of the offense, and (2) he may have been convicted of only reckless conduct. (Doc. 123, pp. 8-10.)

Mayo agrees that he pled guilty to a violation of 18 Pa. C.S. § 2702(a)(1), but disagrees that this section has an element of force. (Doc. 152, p. 1). In *United States v. Castleman*, the Supreme Court held that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." 134 S. Ct. 1405, 1414 (2014); *see also United States v. Gorny*, ---F. App'x---, 2016 WL

3689063, *4 (3d Cir. 2016) (*rehearing denied*, No. 15-2219 (Oct. 28, 2016)). In *United States v. Gorny*, the court noted that Application Note 1 to § 4B1.2 of the United States Sentencing Guidelines was not called into question in *Johnson* as to the application of the ACCA to its four enumerated offenses, which includes aggravated assault. *Gorny*, 2016 WL 3689063 at *6, n.9.

Mayo further argues that the aggravated assault conviction does not qualify as a violent felony because § 2702(a)(1) covers reckless conduct. However, it is "recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa. C.S. § 2702(a)(1). In *Briolo v. Attorney General of United States*, the court held that the New Jersey statute defining aggravated assault (N.J.S.A. § 2C:12-1(b)) "categorically constitutes 'a crime of violence.'" 515 F. App'x 126, 129 (3d Cir. 2013). The least culpable conduct criminalized by New Jersey's aggravated assault statute was "recklessly causing significant bodily injury 'under circumstances manifesting extreme indifference to the value of human life.'" *Id.* The court held that a conviction of aggravated assault under the statute constituted a crime of violence.

The facts, admitted to by Mayo, are that the victim was hit on the head with a brick, punched and kicked while lying on the ground, and hit with a glass bottle

by Mayo. (PSR, ¶ 74.)[1] Thus, Mayo's aggravated assault conviction fits under the force clause.

### B.   Robbery – Paragraphs 75 and 76 of the PSR

Mayo agrees that he pled guilty to Pa. C.S. § 3701(a)(ii). (Doc. 152, p. 3.) He argues that this subsection has as an element of "threatening another with or intentionally putting another in fear of immediate serious bodily injury" and does not "specify any particular means–forcible or otherwise–by which that harm may be caused." (*Id.*)

The court believes that the language of the Pennsylvania robbery statute meets the force clause, which reads: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The language of 18 Pa. C.S. § 3701(a)(1)(ii) tracks that language.

In *United States v. Hollins*, the court held that robbery by force, however slight, is most similar to burglary. 514 Fed. App'x 264, 269 (3d Cir. 2013). *Johnson* did not call into question the application of the act to the force enumerated offenses, i.e., burglary, arson, or exploitation. In any event, in *Hollins*, the court held that "a conspiracy to commit robbery is a crime of violence." *Id.* at 265.

---

[1] A presentence report can be a Shepard document when the defendant does not object to a factual account of a crime therein. *United States v. Doe*, 810 F.3d 132, 147 (3d Cir. 2015).

As noted above, Mayo concedes that he pled guilty and was sentenced under 18 Pa. C.S. § 3701(a)(1)(ii). The PSR at paragraph 75 reads, in part: "the defendant had an unidentifiable object in his hand and told the victim, 'I'll blow your head off, get down.'" The PSR at paragraph 76 reads, in part: "Mr. Mayo went over to the manager, held a gun to her and ordered her to open the safe."

The facts, which were not objected to by Mayo, are sufficient to meet the force clause of 18 U.S.C. § 924(e)(2)(B)(i).[2]

The writ of habeas corpus will be denied. An appropriate order will issue.

                                        s/Sylvia Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: November 29, 2016

---

[2] See footnote 1 *supra* for the court's use of the facts set forth in the PSR.